IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 90-20083(H)Ma |
| TERRY WARREN, | X | |
| Defendant. | X | |

ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582

On July 16, 2004, defendant Terry Warren, Bureau of Prisons inmate registration number 12425-076, an inmate at the United States Penitentiary in Atlanta, Georgia, filed a motion under 18 U.S.C. § 3582 in his closed criminal case.

On April 11, 1990, a grand jury issued an indictment charging defendant and numerous codefendants with conspiracy to distribute cocaine base (crack) and various substantive counts of possession of cocaine base with intent to distribute. Between January 28 and February 26, 1991, a jury heard the evidence in the case, and on February 26 found defendant guilty of the four counts with which he was charged, one count of conspiracy and three counts of possession with intent to distribute. On October 22, 1992, the Court conducted a sentencing hearing and on October 26, 1992, entered a judgment sentencing defendant to 210 months in prison, followed by an eight-year period of supervised release. The Sixth Circuit remanded on

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 11-21-05

the specific issue of whether defendant was properly deemed a supervisor in the conspiracy under the guidelines set out in United States v. Gibson, 985 F.2d 860, 865-66 (6th Cir. 1993). United States v. Warren, No. 92-6601, 1994 WL 180295 at *19 (6th Cir. May 10, 1994). The Court conducted a resentencing hearing on November 27, 1995, and on December 7, 1995 entered a judgment sentencing defendant to the identical sentence entered on October 26, 1992.

On February 26, 1998, Warren filed a § 2255 motion, contending that the Court's failure to enunciate the basis for each enhancement applied under the United States Sentencing Guidelines ("USSG") violated his substantive right to due process and that his attorney provided ineffective assistance of counsel by failing to raise on appeal the due process claim or the claim that his enhancement for obstruction of justice under USSG § 3C1.1 was improper. On September 16, 1998, the Court denied the motion and denied a certificate of appealability. United States v. Warren, No. 98-2195-Tu (W.D. Tenn. Oct. 2, 1998). Warren appealed and on March 17, 1999, the Sixth Circuit denied a certificate of appealability. United States v. Warren, No. 98-6400 (6th Cir. Mar. 17, 1999).

On March 12, 2001, Warren filed a motion under 18 U.S.C. § 3582(c), contending that he was entitled to the application of Amendment 591 to the USSG, promulgated in November 1, 2000, to reduce his sentence. The Court denied the motion on March 20, 2002.

2

Warren contends that he is entitled be resentenced based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). Warren has chosen not to seek permission to file a successive motion to vacate, apparently recognizing that new rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Blakely has not been "made retroactively applicable to cases on collateral review" and provides Warren with no basis for collateral relief.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Warren contends, however, that the Court's jurisdiction to grant this motion arises under 18 U.S.C. § 3742(a)(2). Eighteen U.S.C. § 3582(b)(3) provides as follows:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> . . . .
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

Section 3742 establishes the procedure for appellate review of a criminal judgment and allows a court to modify a sentence on remand from an appellate court. Defendant's conviction is not on remand to this court. Nothing in this provision authorizes a district

3

court to modify a defendant's sentence on the basis of an intervening decision of the Supreme Court.

Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) is applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Warren's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582 is DENIED.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 17th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 295 in case 2:90-CR-20083 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Terry Warren
USP-ATLANTA
12425-076
P.O. Box 150160
Atlanta, GA 30315

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT